ANDREW MARTIN, RESPONDENT, *v.* EMANUEL ROTHSCHILD, APPELLANT.

*Chattel mortgages — where they should be filed in Kings county —* 3 *R. S.* (6th ed.), 143, *sec.* 11; 1 *R. S.* (6th ed.), 921.

Chattel mortgages upon property in the town of Flatbush, Kings county, should be filed in the office of the clerk of that town, and not in the office of the register of Kings county.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Kings County Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Morris & Pearsall*, for the appellant.

*William J. Gaynor*, for the respondent.

BARNARD, P. J.:

The plaintiff claims title to certain personal property by force of a *bona fide* sale to him thereof, by one Samuel Wardell. The defendant claims that Samuel and John Wardell mortgaged the property to him by a chattel mortgage. The Wardells lived in Flatbush, King's county, and the mortgage was filed in the town clerk's office of that town. The Court held that it should have been filed in the register's office of Kings county. This was an erroneous ruling. The Revised Statutes provide for the filing of personal or chattel mortgages. In the city of New York the proper place is the register's office. In all the other cities of the State, and in the towns of the State in which a county clerk's office is kept, the instrument must be filed in the county clerk's office, and in each of the other towns of the State, in the office of the town clerk thereof. (3 R. S. [6th ed.], p. 143, sec. 11.)

It would be plain that the office of the town clerk of the town of Flatbush was the proper place to file the mortgage but for the act creating a register for Kings county. By this act all that part of the duty of the county clerk of Kings county, which in the city of New York is required to be done by the register of deeds therein, shall be done by the register of Kings county, and the clerk of

Kings county was forbidden to perform such duties. (1 R. S. [6th ed.], 924.)

The act in question did not change the Revised Statutes in respect to those towns of a county outside of the town in which the county clerk's office was kept. The county clerk of Kings county could not, before the act creating the register was passed, file a Flatbush mortgage, and it is only the duty of the county clerk of Kings county which the register is to perform.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.